**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MARGARITO VILLA et al.,

    Plaintiffs,

v.                                                                                            CV 09-0976 BB/WPL

DOÑA ANA COUNTY et al.,

    Defendants.

**ORDER**

In this suit, Plaintiffs allege numerous violations of constitutional and state law rights arising out of their detention and arrest, the search of their persons and property, and the seizure and destruction of poultry livestock in connection with several "raids" during which Defendants searched for game roosters and cockfighting.  (Doc. 1.)  Defendants Doña Ana County, Doña Ana County Sheriff's Department, Doña Ana County Code Enforcement, Robyn Gojkovich, Curtis Childress, Mary Lou Ward, Heather Ferguson, Patricia Feeser, and High Desert Animal Hospital (County Defendants) have filed a motion to dismiss on the basis of qualified immunity.  (Doc. 12.)  The County Defendants then filed a motion to stay the proceedings pending a decision on the motion to dismiss.  (Doc. 23.)  The County Defendants represent that the remaining Defendants do not oppose a stay of these proceedings.  Plaintiffs do.  (*See* Doc. 31.)

"The defense by a public official based on a claim of qualified immunity, if successful, protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery."  *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)).  Accordingly, "[d]iscovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred."  *Id.* at 336.  The court must determine whether a reasonable

person could have believed the defendants' alleged actions to be lawful.  If so, "defendants are entitled to dismissal before discovery."  *Id.*  In a suit with multiple defendants, only some of whom assert qualified immunity, all discovery should be postponed pending a ruling on qualified immunity.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009).  If the qualified immunity issue is not resolved by a motion to dismiss, "discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved."  *Workman*, 958 F.2d at 336*.*  But any such discovery must be tailored specifically to the qualified immunity defense.  *Id.*

Citing *Gonzales v. Duran*, 590 F.3d 855 (10th Cir. 2009), Plaintiffs argue that factual questions relating to qualified immunity should be left to a jury when historical facts are so intertwined with the law that a jury question is appropriate as to whether a reasonable person in the defendant's position would have known that his conduct violated the right at issue. (*See* Doc. 31 at 1-2.)  Plaintiffs go on to suggest that "it would be counterproductive to stay discovery at this point, since the Court may not be able to answer all the qualified immunity questions prior to trial, since fact questions regarding qualified immunity must be left to the jury before a Court can make a decision of law." (*Id.*)  Plaintiffs also assert that when historical facts are intertwined with the law, qualified immunity cannot be determined at the summary judgment stage. (*See id.* at 2.)

To give context to Plaintiffs' arguments, it appears that the County Defendants' motion to dismiss has evolved into one for summary judgment. (*See* Doc. 17, 25.)  Plaintiffs are arguing that discovery should not be stayed because the facts are so intertwined with the law in this case that a jury will have to make certain factual determinations before the Court can resolve the qualified immunity question.  The presiding judge will determine whether this is a case in which a jury determination of factual issues pertaining to qualified immunity is necessary.  At this point, Plaintiffs have not demonstrated that discovery is necessary to oppose the converted summary

judgment motion.

"Rule 56(f) grants a court discretion to deny summary judgment or order a continuance when the nonmovant submits an affidavit averring that it possesses insufficient facts to oppose a summary judgment motion." *Hackworth v. Progressive Cas. Ins. Co.*, 468 F.3d 722, 732 (10th Cir. 2006). The nonmovant must specifically invoke Rule 56(f) and comply with its requirements. *Id.* One of these requirements is that the nonmovant supply an affidavit. *Id.* "A plaintiff requesting Rule 56(f) discovery in response to a defense of qualified immunity raised on summary judgment must supply the Court with an affidavit demonstrating how the requested discovery would relate to the qualified immunity issue." *Rome v. Romero*, 225 F.R.D. 640, 644 n.4 (citing *Lewis v. City of Fort Collins*, 903 F.2d 752, 758 (10th Cir. 1990)).

Briefing of the County Defendants' motion to dismiss is complete and Plaintiffs did not seek limited discovery pursuant to Rule 56(f). In fact, Plaintiffs' main complaint is that "staying the matter would waste time in preparing the Plaintiffs [sic] case for trial." (Doc. 31 at 2.) This is insufficient in light of the fact that the defense of qualified immunity is intended to shield a defendant from the burdens of litigation, including discovery.

IT IS THEREFORE ORDERED that the motion to stay is GRANTED. All discovery is STAYED pending a ruling on the County Defendants' motion to dismiss based on qualified immunity.

IT IS SO ORDERED.

                                                    WILLIAM P. LYNCH
                                                    UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.