# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARGARITO VILLA, et al.,

      Plaintiffs,

v.                                                                                            CV 09-0976 BB/WPL

DOÑA ANA COUNTY, et al.,

      Defendants.

## ORDER IMPOSING SANCTIONS

This matter is before me *sua sponte*. On March 3, 2011, I held a hearing on the second Order to Show Cause issued in this case. (Doc. 75.) At that hearing, I gave Plaintiff's counsel, Augustine Rodriguez, an opportunity to be heard as to his reasons for failing to comply with two orders and for failing to appear at a February 9 status conference and a February 22 show cause hearing. Based on his explanation both at the hearing and in his Response to the Order to Show Cause (Doc. 74), I find that Rodriguez failed to comply with the Order of Telephonic Setting (Doc. 59) and the first Order to Show Cause (Doc. 71.) by failing to appear for both hearings. Despite the mathematical improbability of him not receiving the email notifications of these two orders, I find that Rodriguez did not intentionally or willfully fail to comply. Accordingly, I find that the imposition of criminal contempt is inappropriate. *See United States v. Themy-Kotronakis*, 140 F.3d 858, 861 (10th Cir. 1998) (indicating that willfulness is a required element of criminal contempt); *In re Chandler*, 906 F.2d 248, 249-50 (6th Cir. 1990) (discussing the *mens rea* requirement for criminal contempt). I find that Rodriguez's failures do, however, warrant the imposition of sanctions under Federal Rule of Civil Procedure 16(f).

Rule 16(f) allows the court to sanction a party for failing to appear for a scheduling or other pretrial conference and for failing to obey a scheduling or other pretrial order. FED. R. CIV. P. 16(f)(1)(A) & (C). The court is afforded broad discretion to enter any just order, which can include, but is not limited to, the sanctions authorized by Rule 37(b)(2)(A)(ii)-(vii). *Id.* at 16(f); *see also Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1555 (10th Cir. 1996). Because I find that the fault of the failures here lies with Rodriguez, he and not his client should bear the brunt of the sanctions. *See In re Sanction of Baker*, 744 F.2d 1438, 1440-41 (10th Cir. 1984). In the interests of justice, then, I order the following sanctions:

1) Plaintiff's counsel must create and maintain a secondary e-mail address with CM/ECF to receive electronic notices of filings in his cases;

2) Plaintiff's counsel may not bill his clients for his time and costs expended in appearing for the show cause hearing and responding to the Order to Show Cause, nor can he recover for his time and costs if his clients prevail at trial; and

3) Plaintiff's counsel must attend an in-person training on CM/ECF. Information about this training can be found on the New Mexico District Court's website, and is available at http://www.nmcourt.fed.us/web/DCDOCS/dcindex.html. Rodriguez shall submit a confirmation of his attendance of this training within thirty (30) days of the entry of this Order.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.