**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MARGARITO VILLA, GRACIELA SALINAS,
OSCAR BONILLA, BEATRICE GARCIA,
RAMON TORRES, VELIA TORRES, PEDRO
RUBIO OCHOA and ELIDA MARQUEZ,

        Plaintiffs,

v.                                               CV 09-976 BB/WPL

DOÑA ANA COUNTY, et al.,

        Defendants.

**ORDER**

New Mexico banned cockfighting in 2007. Plaintiffs, who live in and around Las Cruces, New Mexico, are Hispanic owners of poultry described as "game roosters" in their Complaint. (Doc. 1 at 5.) In March, April and June (spring) of 2009, the Defendants searched some of Plaintiffs' residences and yards, obtained possession of poultry belonging to some Plaintiffs, and then destroyed it. Exactly what happened during these incidents, and how it happened, is in dispute. As a result of these incidents, Plaintiffs have filed suit against Doña Ana County, the City of Las Cruces, and numerous other Defendants asserting twenty-one causes of action under the United States Constitution and the New Mexico Tort Claims Act. (*Id.*)

To gather information to help it defend against Plaintiffs' claims, Doña Ana County served discovery requests on Plaintiffs. Dissatisfied with the responses that it received, the County sent a letter to Plaintiffs to attempt to resolve the discovery disputes. (Doc. 77 at 1-2 & Ex. B.) In response, Plaintiffs filed Supplemental Answers to the County's interrogatories. (Doc. 77 at 2 & Ex. C.)

1

Concerned that some of the discovery responses were still incomplete, the County sent a second letter attempting to resolve the remaining issues. (Doc. 77 at 2 & Ex. D.) Plaintiffs then filed Second Supplemental Answers to the County's interrogatories. (Doc. 77 at 2 & Ex. E.) Believing that Plaintiffs discovery responses are still incomplete, the County has filed a Motion to Compel Discovery and for Sanctions. (Doc. 77.) This Order will grant the County's Motion.

      Request for Production Nos. 1, 2 and 6: These requests seek medical bills and records and state and federal tax returns from Plaintiffs. (Doc. 77 at 3.) In their Response, Plaintiffs did not produce any documents, but they did not state that they do not have such records in their possession. (*Id.*) In its attempt to resolve the dispute, the County requested that Plaintiffs produce medical or tax records in their possession or state that they do not have such records in their possession. (Doc. 77 Ex. D at 1.) Plaintiffs did not supplement their responses to this request. Plaintiffs shall produce all documents in their possession responsive to these requests or shall state that they have no responsive records in their possession.

      Request for Production No. 13: This request directs each Plaintiff to sign and produce a medical release. (Doc. 77 at 3.) The County claims that Velia Torres did not provide her release timely and that Beatrice Gonzalez has not provided a release despite Plaintiffs' claim to the contrary. (Doc. 81 at 2-3.) Although Plaintiffs claim that Ms. Gonzalez provided a release, no release is attached to her Response or to Plaintiffs' Response to the County's Motion to Compel. (Doc. 77 Ex. A-1; Doc. 79.) Accordingly, Beatrice Gonzalez is hereby ordered to sign and produce a medical release for the County.

      Interrogatory No. 1: This interrogatory seeks basic information about the Plaintiffs, including their social security numbers. (Doc. 77 at 4.) The County claims that Velia Torres did not provide her social security number timely and that Beatrice Gonzalez still has not provided her social

2

security number. (*Id.*) While Plaintiffs claim that Ms. Gonzales has provided her social security number, they provide no proof to support that claim. (Doc. 79 at 2.) Beatrice Gonzalez is hereby ordered to provide her social security number to the County.

Interrogatory No. 2: This interrogatory seeks the identification of Plaintiffs' witnesses, including their addresses and telephone numbers, together with a summary of their proposed testimony. (Doc. 77 at 4.) Plaintiffs initially did not provide any personal addresses or telephone numbers but identified all witnesses "c/o" their attorney. (Doc. 83 Ex. A at 2-3, 14-15, 25-26, 38-39.) Subsequently Plaintiffs listed some personal addresses for witnesses, but they have not provided telephone numbers or a sufficient summary of their testimony. (Doc. 77 Ex. C at 2-3& Ex. E at 2-3.) This information is relevant and discoverable. *See* FED. R. CIV. P. 26(a)(3)(A)(i). Plaintiffs shall provide personal addresses and telephone numbers and a summary of the anticipated testimony for each witness.

Interrogatory No. 4: Interrogatory No. 4 requests information about Plaintiffs' employment as adults. (Doc. 77 at 5.) In addition to seeking information about the name and address of each of Plaintiffs' employers, the interrogatory inquires about Plaintiffs' supervisors, their duties at each employment, the compensation received, the inclusive dates for each employment and the reason each employment was terminated. (*Id.* at 5-6.) Plaintiffs provided some of this information in their Answers, and cited Oscar Bonilla's answer as an example:

Fatboy Fabrication          Feb. 2010-Present
3450 Opitz Rd.
Anthony, NM 88072
Welder/Mechanic

Castillo Welding             May 2007-Feb. 2010
Welder

Cervantez Enterprises        May 2004-May 2007

3

       Welder

       David Koonig Enterprises     2003-May 2004
       Welder

(Doc. 79 at 3.)

      This answer is not completely responsive to Interrogatory No. 4. Bonilla has failed to disclose his supervisor and his rate of compensation for his current employment at Fatboy Fabrication. For his other employers, Bonilla has failed to provide their addresses, his supervisor, his rate of compensation and the reasons for the termination of each employment. The answers by the other Plaintiffs suffer the same defects.

      Plaintiffs claim in their Response that they objected to this interrogatory because it "did not specify as to which Plaintiff Defendants were referring . . . ." (Doc. 79 at 3.) This claim is false. When the County pointed out the deficiencies in Plaintiffs' Answers, Plaintiffs objected in their Supplemental Answers that the interrogatory is overly broad (Doc. 77 Ex. C at 3) and in their Second Supplemental Answers asserted that the information will be equally available to the County through IRS records. (Doc. 77 Ex. E at 3.)

      Plaintiffs' objection in their Supplemental Answers is overruled. Objections to discovery requests must be timely or they are waived, unless the court excuses the failure to object for good cause. *See* FED. R. CIV. P. 33(b)(4). Plaintiffs have not even attempted to show good cause for failing to assert the objection in a timely manner. Plaintiffs' assertion in their Second Supplemental Answers that the requested information may be provided through use of the tax return releases is also rejected. While a party may produce records in lieu of answering an interrogatory, simply referring a party to a mass of records or offering to make a party's records generally available is not a sufficient response. FED. R. CIV. P. 33(d); *Capacchione v. Charlotte-Mecklenburg Sch.*, 182

4

F.R.D. 486, 490 (W.D.N.C. 1998) (citations omitted). Plaintiffs shall provide full answers to this interrogatory.

Interrogatory Nos. 5 and 13: These interrogatories seek information about the damages claimed by Plaintiffs in this case. (Doc. 77 at 6.) Interrogatory No. 5 seeks information about claims for lost wages, while Interrogatory No. 13 seeks information about the total amount of damages claimed by Plaintiffs. (*Id.*) Plaintiffs assert that the County's Motion is ambiguous because neither the Motion nor the good faith letters sent by the County "state as to which of the Plaintiffs" the County is referring. (Doc. 79 at 3.) This claim is without merit for two reasons. First, Plaintiffs did not timely object to these interrogatories as ambiguous, so such objection is waived. *See* FED. R. CIV. P. 33(b)(4). Second, both the County's Motion and the first good faith letter specifically identify Ramon Torres and Margarito Villa as the Plaintiffs who claimed lost wages and who have not provided details about this claim or any documents in support of this claim. (Doc. 77 at 4 & Ex. B at 2.)

Plaintiffs also assert that the information requested in Interrogatory No. 13 is equally available to the County from the seized item inventories. (Doc. 79 at 3.) The County responds that the list of seized property does not provide a computation of the value of the property seized. (Doc. 81 at 5.) Plaintiffs' objections to both interrogatories are overruled and they are ordered to provide full answers to both Interrogatory Nos. 5 and 13.

Interrogatory Nos. 9 and 15: These interrogatories seek information about communications between Plaintiffs and any agents or representatives of the Defendants. (Doc. 77 at 7.) Plaintiffs objected that the interrogatories are vague, do not include a time period, and do not state whether they refer to communications before or after the encounters in the spring of 2009. (Doc. 83 Ex. A at 6, 9, 17, 20, 29, 32, 41, 44.) Plaintiffs now claim that they objected that the interrogatories do not

state to whom the Defendant is referring. (Doc. 79 at 3.) This claim is false; Plaintiffs never made this objection until their Response and it is not timely. Plaintiffs have failed to show how the interrogatories are vague and my review of them does not lead me to conclude that they are; this objection is overruled. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 662 (D. Kan. 2004). Plaintiffs' final objection is that the interrogatories did not give a time frame, but this was resolved when the County made it clear that it was seeking evidence of any contacts between the parties before or after the encounters in the spring of 2009. (Doc. 77 Ex. B at 2.) Plaintiffs shall fully answer these interrogatories.

Interrogatory No. 11: This interrogatory requests that the Plaintiffs list all medical expenses incurred as a result of the acts alleged in the Complaint. (Doc. 77 at 8.) While Ramon Torres listed some medical providers in answer to Interrogatory No. 10, he made no attempt to provide a list of medical expenses in his answers or supplemental answers. (Doc. 83 Ex. A at 42.) Providing a medical release is not a sufficient response. Ramon Torres shall fully answer this interrogatory.

Interrogatory No. 12: This interrogatory requests that Plaintiffs list their entire medical history and identify all health care providers that they have seen. (Doc. 77 at 8.) In his Answer, Ramon Torres identified some medical providers, but none of the remaining Plaintiffs identified a single medical provider that they had ever seen. (Doc. 83 Ex. A.) In their Supplemental Answers, Plaintiffs answered: "None. Ramon Torres signed a release for his medical file." (Doc. 77 Ex. C at 5.) It is hard to imagine that the Plaintiffs (other than Ramon Torres) have not had any medical treatment at any time and have never been treated by any medical professional. Further, the fact that Ramon Torres signed a medical release does not mean that he need not answer this interrogatory. Plaintiffs are ordered to fully answer this interrogatory.

Interrogatory No. 16: This interrogatory seeks detailed information about whether Plaintiffs

6

have ever been arrested for any offense or cited for traffic violations. (Doc. 77 at 9.) While some of the Plaintiffs stated that they had never been arrested or cited for traffic violations (*see* Doc. 83 Ex. A at 9, 20, 33, 45), Oscar Bonilla, Rubio Ochoa, Graciela Salinas and Ramon Torres did not fully respond to this interrogatory and they are hereby ordered to do so.

Interrogatory No. 19: This interrogatory asks the Plaintiffs to provide information regarding the fowl they owned or possessed in the spring of 2009. (Doc. 77 at 9.) While Plaintiffs provided some information in their answers, supplemental answers and second supplemental answers, none of them listed the manner in which they obtained the fowl, the purchase price of the fowl, and their purpose in owning or possessing them, as requested by the interrogatory. (Doc. 83 Ex. A at 10, 21, 34, 46.) Plaintiffs claim that they informed the County that they did not have records (Doc. 79 at 4), but, as before, this response is nowhere to be found in Plaintiffs discovery responses. Plaintiffs also state that the County can inquire about this topic during Plaintiffs' depositions. (*Id.*) This is certainly true, but it is not a defense to the County's Motion to Compel. Plaintiffs will provide full responses to this interrogatory.

Interrogatory No. 24: In their third cause of action, Plaintiffs have alleged that they were denied equal protection because the Defendants selectively prosecuted them on the basis of their race. (Doc. 1 at 18-20.) Interrogatory No. 24 asks Plaintiffs to identify individuals who are similarly situated to them but who were treated differently by the Defendants. (Doc. 77 at 10.) Plaintiffs claim that they objected to this interrogatory because it is overbroad. (Doc. 79 at 4.) Once again, this claim is false; Plaintiffs objected on the grounds of relevance. (Doc. 83 Ex. A at 12, 23, 36, 48.) The information requested is clearly relevant. To recover for a claim of selective prosecution, Plaintiffs must provide evidence that they were treated differently than others who were similarly situated and that the acts of the Defendants were motivated by a discriminatory purpose. *Marshall v. Columbia*

7

*Lea Reg'l Hosp.*, 345 F.3d 1157, 1168 (10th Cir. 2003). Plaintiffs' objection of overbreadth is not timely. Further, interrogatory responses that refer in general to deposition testimony or other statements, or to documents filed in other cases, fall far short of complying with discovery obligations. *Union Pac. R.R. Co. v. Larkin*, 229 F.R.D. 240, 243-45 (D.N.M. 2005).

Sanctions: This Order grants the County's Motion to Compel. Plaintiffs repeatedly failed to respond fully to the County's discovery requests despite the County's two attempts to receive complete discovery responses without the court's involvement. Furthermore, as noted above, Plaintiffs made false assertions in their Response regarding the objections made in their discovery responses.[1] The objections that the Plaintiffs did raise in a timely manner are without merit and their nondisclosures and incomplete disclosures were not substantially justified. At a minimum, then, Plaintiffs must be ordered to pay the County's reasonable expenses incurred in making this Motion, including attorney's fees. *See* FED. R. CIV. P. 37(a)(5)(A).

The County shall submit an affidavit of the expenses, including attorney's fees, that it incurred in preparing its Motion to Compel and its Reply. These expenses may also include those incurred in preparing the good faith letters to Plaintiffs' counsel. The affidavit shall be submitted within seven days of this Order.

The payment of these expenses may be required from the party whose conduct necessitated the motion, the attorney who advised the conduct, or both. *Id.* This reflects a policy that the person at fault for the sanctionable conduct bear the burden of the sanctions. *See M.E.N. Co. v. Control Fluidics,* Inc., 834 F.2d 869 (10th Cir. 1987); *In re Sanction of Baker*, 744 F.2d 1438, 1442 (10th

---

[1] These false statements will be addressed in a subsequent order. Though attorney's fees are awarded below, I specifically reserve the right to impose additional sanctions based on the false assertions made to the Court.

Cir. 1984). The Federal Rules of Civil Procedure place an affirmative duty on a party's attorney to make efforts to ensure that discovery responses are complete and correct. *See, e.g.*, FED. R. CIV. P. 26(g) cmt. (1983) (stating that the attorney's signature on discovery responses operates as a certification that "the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand."). Here, the discovery responses were clearly deficient and the objections stated were devoid of merit. Plaintiffs' counsel is clearly responsible for those deficiencies. Thus, Plaintiffs' counsel shall fully compensate the County for its expenses within thirty days of this order.

Should the Plaintiffs fail to fully comply with any aspect of this Order, I specifically reserve the right to impose further sanctions in connection with the Motion to Compel and this Order.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.