# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

MARGARITO VILLA, et al.,

    Plaintiffs,

v.                                                                             CV 09-0976 BB/WPL

DOÑA ANA COUNTY, et al.,

    Defendants.

## ORDER IMPOSING SANCTIONS

      This matter is before me *sua sponte*. On May 5, 2011, I held a hearing on the fourth Order to Show Cause issued in this case. (Doc. 88.) The Order to Show Cause was filed on May 2, 2011; it clearly stated the bases for the hearing and warned that sanctions may be imposed and that contempt proceedings may be initiated. (*Id.*) At the hearing, I gave Plaintiffs' counsel, Augustine Rodriguez, an opportunity to be heard as to his reasons for again failing to comply with a court order and for falsely asserting in a pleading filed with the court that he made certain objections to propounded interrogatories. (Doc. 93.) Mr. Rodriguez admitted to failing to comply with my Order Setting Settlement Conference. (*See id.*) He further admitted that he did not actually object to Interrogatory Nos. 4, 5, 12, 13, and 24 on the grounds alleged in his Response to the Defendants' Motion to Compel. (*See id.*) He stated, however, that these failures were not willful, intentional, or done with the intent to deceive the court. (*See id.*)

      Before reaching the issue of sanctions, I must address Mr. Rodriguez's Motion to Continue Hearing that was filed immediately prior to the hearing on the Order to Show Cause. (Doc. 92.) Mr. Rodriguez filed the Motion at 8:13 a.m. on May 5, 2011, and he did not mention the Motion during

1

the hearing. (*See* Doc. 93.) As the bases for the Motion, he states that he is "unsure as to which of the allegations is the subject of the present Order to Show Cause . . ." because his failure to comply with past orders had already been adjudicated and because my concerns about his statements in Plaintiffs' Response to the Motion to Compel were included in the Order on the Motion to Compel. (Doc. 92 at 1-2.) He further states that the notice provided was too brief to allow him to adequately prepare for the hearing. (*Id.* at 2.) He additionally requested a more definite statement about whether the hearing would also be an evidentiary hearing on the pending motions to dismiss. (*Id.* at 5.)

Because the hearing was held without mention of this Motion to Continue, and because the Court did not receive notice of the Motion's filing until after the hearing concluded, it is now moot. However, I will address Mr. Rodriguez' concerns. First, the Order to Show Cause was very clear about the conduct that would be addressed at the hearing: (1) Plaintiffs' counsel's failure to comply with the Order Setting Settlement Conference, and (2) the statements in Plaintiffs' Response to the Motion to Compel that lacked factual support. (Doc. 88 at 1-2.) Second, Mr. Rodriguez was sanctioned in my Order granting Defendants' Motion to Compel, and that sanction was designed to compensate Defendants for the costs they incurred because of Plaintiffs' failures to comply with their discovery obligations. It was not designed to redress the false statements made in Plaintiffs' Response; in fact, my Order granting the Motion to Compel explicitly stated, "These false statements will be addressed in a subsequent order. Though attorney's fees are awarded below, I specifically reserve the right to impose additional sanctions based on the false assertions made to the Court." (Doc. 87 at 8 n.1.) Third, while the previous failures to comply with court orders were mentioned in the most recent Order to Show Cause, they were mentioned to demonstrate the seriousness of Plaintiffs' counsel again failing to comply. (Doc. 88 at 2 ("By again failing to comply with a court order and by making statements lacking factual support to the Court, Mr. Rodriguez

demonstrates his disregard for his ethical obligations as an attorney and for the authority of this Court.").) The pending motions to dismiss were not mentioned in the Order to Show Cause. Finally, I recognize that the notice provided for the hearing was short; however, Mr. Rodriguez was required to appear before me on May 5 and so might have preferred to avoid a second trip from Albuquerque to Las Cruces. I certainly would have considered continuing the hearing had the Motion been filed more than seventeen minutes prior to the hearing or even mentioned prior to the hearing.

Based on Mr. Rodriguez' conduct and his statements at the hearing and in his Motion to Continue, I find that my Order Setting Settlement Conference was disregarded and that Plaintiffs' counsel made false, albeit unintentional, representations to the court. These faults lie with Mr. Rodriguez. Accordingly, it is appropriate to impose sanctions solely against him. *See In re Sanction of Baker*, 744 F.2d 1438, 1440 (10th Cir. 1984), *cert. denied*, 471 U.S. 1014 (1985). Furthermore, this is the second Order Imposing Sanctions that I have been forced to issue in this case. I do not lightly issue orders to show cause or impose sanctions. However, Mr. Rodriguez has demonstrated a clear and consistent pattern of (i) inadequate representation of his clients, (ii) inadequately reviewing his work for accuracy and completeness, and (iii) flouting court orders. If unchecked, Mr. Rodriguez' conduct lowers the level of professionalism and work product expected from the legal community of the District of New Mexico and needlessly multiplies the litigation in his cases. Sanctions must be imposed to preserve the integrity of the judicial process and to deter future oversights. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980); *White v. Gen'l Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990).

Based on Mr. Rodriguez' conduct, I may impose sanctions pursuant to the court's inherent authority and Federal Rules of Civil Procedure 11(c) and 16(f). Under Rule 11(c), an attorney or a party may be sanctioned if the factual contentions presented to the court lack evidentiary support.

*See* FED. R. CIV. P. 11(b)(3) & 11(c). The non-monetary sanctions available are only limited by "what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." FED. R. CIV. P. 11(c)(4). To impose Rule 11 sanctions, the court must provide notice and a reasonable opportunity to respond. FED. R. CIV. P. 11(c)(1). Under Rule 16(f), a court may issue "any just orders," including the sanctions authorized by Rule 37, if an attorney fails to obey a pretrial order. Finally, pursuant to the court's inherent power, I may impose sanctions where neither a statute nor a rule sufficiently sanctions the conduct. *Chambers*, 501 U.S. at 50; *see also In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 189 (3d Cir. 2002). To do so, I must afford the attorney an opportunity to be heard in a hearing and make a finding of bad-faith or willful disobedience. *Roadway Express, Inc.*, 447 U.S. at 766-67; *Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 73 (E.D.N.Y. 2008). As required, I provided Mr. Rodriguez with specific notice and an opportunity to be heard in a hearing. The question before me now is what sanctions appropriately penalize Mr. Rodriguez and ensure that he will not repeat similar conduct in future cases.[1]

---

[1] I have examined the dockets of other cases in which Mr. Rodriguez has played a significant role in this District. While misconduct and a failure to comport with the standards to which attorneys are held are not commonplace in his cases, this case does not stand in isolation. Of the twenty-two cases in which Mr. Rodriguez took a major role, an order to show cause for failure to comply with a court order was issued in at least one other case. *Molina, et al. v. Albuquerque Police Dep't, et al.*, 08-cv-153 MV/LAM (D.N.M. Jan. 19, 2010), Doc. 89. Motions to compel were filed, opposed by Mr. Rodriguez, and granted at least in part in four cases aside from this one. *Molina, et al.*, 08-cv-153 MV/LAM (Jan. 21, 2009), Doc. 30; *Velasquez v. Taylor, et al.*, 02-cv-96 JEC/ACT (D.N.M. Jan. 22, 2003), Doc. 47; *Laidler v. Bernalillo Cnty., et al.*, 04-cv-1183 LFG/DJS (D.N.M. Jan. 31, 2006), Doc. 53; *Montoya v. Am. Online, Inc.*, 07-cv-1078 BB/ACT (D.N.M. Dec. 16, 2008), Doc. 44. In a different case, a motion for an award of significant attorneys fees was filed, and half of the amount of fees is sought from Mr. Rodriguez based on an allegation that Mr. Rodriguez needlessly multiplied the proceedings. *Scott v. Doña Ana Cnty., et al.*, 09-cv-797 JB/GBW (D.N.M. May 2, 2011), Doc. 141.

I find that the sanctions available under Rule 16(f) do not appropriately sanction Mr. Rodriguez' failure to obey my order. This is because all of the listed sanctions would primarily affect Plaintiffs, who were not at fault for the sanctionable conduct. I further find that, because Mr. Rodriguez knew of my Order Setting Settlement Conference and the requirements set therein, he willfully disobeyed my Order. As he stated during the hearing, he had no excuse or reason for failing to comply. (*See* Doc. 93.) Therefore, I will impose sanctions pursuant to Rule 11(c) and the court's inherent power. Mr. Rodriguez has previously been ordered to attend a class as a sanction (Doc. 76 at 2); he has also previously been ordered to provide monetary compensation to opposing counsel for discovery violations (Doc. 87 at 8-9). Monetary sanctions and classes, then, do not seem fully appropriate to deter and vindicate the court's interest here.

Accordingly, I impose the following sanctions:

1) Mr. Rodriguez may not bill his clients for his time and costs expended in appearing for the show cause hearing and responding to the Order to Show Cause, nor can he recover for his time and costs if his clients prevail at trial;

2) Mr. Rodriguez will be publicly reprimanded by virtue of this opinion's submission for publication; and

3) Mr. Rodriguez shall complete six CLE credits by August 31, 2011. These credits may not be counted toward his yearly requirement of twelve CLE credits. The courses taken to satisfy this sanction must be on the topics of Ethics, Professionalism and/or Law Practice Management. Upcoming courses that Mr. Rodriguez may take to satisfy this sanction include "Building a Solid Foundation" on May 16, "Multitasking Gone Mad: Learning to Cope in a Wired Demanding World" on May 17, "Civil Litigation Ethics, Parts 1 & 2" on June 2-3, or "Solo and Small Firm

Institute" on June 7, 2011. Mr. Rodriguez shall submit an affidavit stating his compliance with this requirement to my chambers via mail or facsimile by **September 1, 2011**.

I reserve the right to impose further sanctions when ruling on the Motion for Sanctions pursuant to Rule 37 filed by Defendants (Doc. 89). I also reserve the right to impose additional sanctions, including dismissal or certification as contempt, should Mr. Rodriguez fail to comply with this Order Imposing Sanctions. Finally, I warn Mr. Rodriguez that any future failure to comply with a court order, in this case or any other before me, will result in a request to the Chief Judge that he be removed from the federal bar.

IT IS SO ORDERED.

*William P. Lynch*
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.

6